UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| ROBERT JAMES CORNETT, | Case No. 1:24-cv-12098 |
| *Plaintiff,* | Thomas L. Ludington<br>United States District Judge |
| v. | |
| MICHIGAN SECRETARY OF STATE, | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendant.* | |

**REPORT AND RECOMMENDATION
TO GRANT DEFENDANT'S MOTION TO DISMISS (ECF No. 11)
AND
TO DENY PLAINTIFF'S MOTION FOR JUDGMENT (ECF No. 19)**

## I.   RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that the Court **GRANT** Defendant the Michigan Secretary of State's motion to dismiss (ECF No. 11) because it does not have subject-matter jurisdiction to hear Plaintiff's claims. If adopted, Plaintiff's motion for judgment (ECF No. 19) should be **DENIED** for want of jurisdiction and the case should then be closed.

## II.   REPORT

### A.   Introduction

Plaintiff, proceeding *pro se*, is suing the Michigan Secretary of State. His complaint references Article I, § 1 of the Michigan Constitution, the Michigan

Uniform Commercial Code, and the Ninth Amendment to the U.S. Constitution. (ECF No. 1). When prompted by the form complaint to state the constitutional or statutory rights under which his claims arise, Plaintiff listed the Ninth Amendment and Article I, § 1 of the Michigan Constitution. (*Id.*, PageID.3). Plaintiff says that the Secretary of State violated these rights by refusing to accept a record for filing under Article 9 of Michigan's Uniform Commercial Code. (*Id.*, PageID.4).

### B. Background

Article 9 "provides a comprehensive scheme for the regulation of security interests in personal property and fixtures." Editors' Notes, M.C.L. § 440.9101 (West). In relevant part, Part 5 of the article "prohibits the filing office from rejecting an initial financing statement or other record for a reason other than one of the few that are specified." *Id.* Specifically, a filing office can only reject a record presented for filing if at least one of the following five circumstances exists:

(a) The record is not required or authorized to be filed or recorded with the secretary of state.

(b) The record is being filed or recorded for a purpose outside the scope of this article.

(c) The secretary of state has reasonable cause to believe the record is materially false or fraudulent.

(d) The record asserts a claim against a current or former employee or officer of a federal, state, county, or other local governmental unit that relates to the performance of the officer's or employee's public duties, and for which the filer does not hold a properly executed security agreement or judgment from a court of competent jurisdiction.

(e) The record indicates that the debtor and the secured party are substantially the same or that an individual debtor is a transmitting utility.

M.C.L. § 440.9520(5). If a record is rejected for filing, "the person who presented the record to the secretary of state may commence an action under section 9501a to require the secretary of state to accept the record for filing or recording." M.C.L. § 440.9520(7).

Here, Plaintiff presented a financing statement[1] for filing that lists himself as both the debtor and the secured party with only minor differences between the provided information. (ECF No. 11-3, PageID.48). For example, the section for debtor information includes Plaintiff's full middle name while the section for security party information includes only his middle initial. (*Id.*). The Secretary of State sent Plaintiff a letter explaining that the financing statement was "refused for filing based on a reason set forth in MCL 440.9520(5)." (*Id.* at PageID.47). It also

---

[1] The Court may consider the Secretary of State's exhibits without converting the motion to dismiss into one for summary judgment because they are referenced in the complaint and integral to Plaintiff's claims. *Moyer v. Gov't Emps. Ins. Co.*, 114 F.4th 563, 568 (6th Cir. 2024) ("A district court may consider documents submitted by the defendant without converting a motion to dismiss to a motion for summary judgment if they are referred to in the pleadings and integral to the claims." (internal quotation marks and citations omitted)).

informed Plaintiff that he could "seek a remedy from a court of *competent jurisdiction*, as set forth in MCL 440.9520(7)." *Id.* (emphasis added).

After reading the complaint liberally, the Undersigned concludes that Plaintiff is trying to state a claim under M.C.L. § 440.9501a for a violation of M.C.L. § 440.9520(5). Then, to invoke this Court's jurisdiction, Plaintiff attempts to constitutionalize this claim. To do so, he relies on 42 U.S.C. § 1983, which "provides a civil cause of action for the violation of constitutional rights[.]" *Whitacre v. Adult Parole Auth.*, No. 2:23-CV-3625, 2024 WL 4750214, at *2 (S.D. Ohio Nov. 12, 2024). Plaintiff avers that the constitutional rights at issue arise under the Ninth Amendment to the U.S. Constitution and Article 1, § 1 of the Michigan Constitution.

### C. Motion to Dismiss

Before the Court is the Secretary of State's motion to dismiss. (ECF No. 11). In her motion, the Secretary of States sets forth two bases for dismissal:

(1) "Dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is appropriate with respect to the state law claims set forth in [Plaintiff's] complaint where his state law claims are barred by Eleventh Amendment immunity."

(2) Plaintiff's "claims are also subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted."

(*Id.* at PageID.32–33).

While Plaintiff attempts to address both in his response, his arguments are

4

difficult to understand.  (*See* ECF No. 17).  He appears to argue that the Court has subject matter jurisdiction over his claims because they implicate the U.S. Constitution, specifically the Ninth Amendment, Fourteenth Amendment, and Article I, § 10.  (*Id.* at PageID.67).  The Ninth Amendment provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  Meanwhile, the Fourteenth Amendment prohibits States from enacting or enforcing any laws that "abridge the privileges or immunities of citizens of the United States."  Finally, Article I, § 10 provides in relevant part that no State make any law impairing the obligation of contracts.

In reply, the Secretary of State reasserts that she is entitled to Eleventh Amendment immunity with regard to Plaintiff's state law claims.  (ECF No. 18, PageID.93–94).  She also reasserts her argument that Plaintiff has failed to state a claim, and that his attempt to supplement or change his complaint through his response is improper.  (*Id.* at PageID.94–98).

    **D.**    **Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(1), the Court's assessment of jurisdictional issues must precede any evaluation of a claim's merits: once jurisdiction "ceases to exist, the only function remaining to the [C]ourt is that of announcing" its lack of jurisdiction "and dismissing the cause."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *see also Bouye v. Bruce*, 61 F.4th 485,

490 (6th Cir. 2023). Thus, where a defendant moves to dismiss a complaint under both Rule 12(b)(1) and Rule 12(b)(6), the Rule 12(b)(1) challenge must be addressed first because "the Rule 12(b)(6) challenge becomes moot if [the] court lacks subject matter jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Under Rule 12(b)(1), a defendant may move to dismiss a complaint on the grounds that the district court lacks subject matter jurisdiction. Where subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff carries the burden of proving that the district court has jurisdiction. *See id.* The Court will accept the complaint's factual allegations as true insofar as the defendant facially challenges the "sufficiency of the pleading" itself. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). However, the complaint's factual allegations are not presumptively true where there is a factual controversy. Instead, the Court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Id.*

If the Court finds that it has subject matter jurisdiction, it may then assess whether the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the complaint lacks sufficient "factual matter (taken as true) to" provide "plausible grounds to infer" that the elements of a claim for relief could be met, then it must be dismissed for failure

6

to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see* Fed. R. Civ. P. 12(b)(6). A complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere labels, conclusory statements, or "formulaic recitations" of the elements of a cause of action are not sufficient to meet this burden if they are unsupported by adequate factual allegations. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The requirement to provide a plausible claim does not require that a claim be "probable"; however, a claim must be more than merely "conceivable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009).

When a plaintiff proceeds without counsel, the Court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### E. Analysis

The Secretary of State's arguments in support of dismissal under Rule 12(b)(6) are well-taken. However, the Undersigned's analysis must begin and end with Rule 12(b)(1) because she has determined that the Court lacks subject matter jurisdiction.

In a case such as this one where "no diversity jurisdiction is apparent from the complaint, subject matter jurisdiction will not lie unless a substantial federal

question is apparent from the allegations of the complaint." *Field v. Michigan*, 255 F. Supp. 2d 708, 710 (E.D. Mich. 2003). And "[c]laims do not meet this criterion when they are 'devoid of merit,' 'wholly insubstantial,' 'obviously frivolous,' 'plainly unsubstantial,' or 'no longer open to discussion.'" *Id.* (quoting *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (collecting cases)). "[W]hen faced with a 12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion by showing any arguable basis in law for the claim made." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996), *amended on denial of reh'g*, No. 95-5120, 1998 WL 117980 (6th Cir. Jan. 15, 1998).

As explained above, Plaintiff's claim arises under a Michigan statute. His attempt to constitutionalize this claim by invoking the Ninth Amendment is devoid of merit.

"To plausibly state a cause of action under 42 U.S.C. § 1983, a plaintiff must plead two elements: '(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law.'" *Whitacre*, 2024 WL 4750214, at *2 (quoting *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008)). But, as the Sixth Circuit has explained, "the Ninth Amendment 'does not confer substantive rights in addition to those conferred by other portions of our governing law' and thus has no applicability in suit under § 1983." *Id.* (quoting *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir.

1991)). Moreover, "[t]o the extent Plaintiff seeks to assert a claim for violation of any specific constitutional right guaranteed by the Ninth Amendment, 'such a claim fails simply because the Ninth Amendment does not guarantee any particular right, much less any right that is applied against the States by the Fourteenth Amendment.' " *Id.* (quoting *Spencer v. City of Hendersonville*, 487 F. Supp. 3d 661, 681 (M.D. Tenn. 2020) (collecting cases)). Put succinctly, Plaintiff has not pled a Ninth Amendment claim because there is no such thing as a Ninth Amendment claim.

Over thirty years ago, the Sixth Circuit held that the Ninth Amendment "does not confer substantive rights in addition to those conferred by other portions of our governing law." *Gibson*, 926 F.2d at 537. In *Gibson*, the Sixth Circuit upheld the dismissal of the plaintiff's claim under the Ninth Amendment, explaining that the claim "holds no merit." *Id.* Over the ensuing decades, the Sixth Circuit has continued to cite *Gibson* and apply its holding. *See, e.g.*, *Cooper Butt ex rel Q.T.R. v. Barr*, 954 F.3d 901, 908 (6th Cir. 2020) (citing *Gibson* and stating that "the Ninth Amendment does not confer substantive rights"); *Beiersdorfer v. LaRose*, No. 20-3557, 2021 WL 3702211, at *15 (6th Cir. Aug. 20, 2021) (relying on *Gibson* to affirm dismissal of Ninth Amendment claim).

Because the Sixth Circuit has unequivocally and repeatedly held that a plaintiff cannot bring a claim under the Ninth Amendment, Plaintiff's claim is insubstantial, does not raise a federal question, and is subject to dismissal under Rule

9

12(b)(1). Moreover, "[w]hen a plaintiff's federal claims have been dismissed for want of jurisdiction, all other state-law claims must be dismissed." *Field*, 255 F. Supp. 2d at 713. Accordingly, the Court should dismiss Plaintiff's claims under Michigan law.

### F. Conclusion

For these reasons, **IT IS RECOMMENDED** that the Court **GRANT** the Secretary of State's motion to dismiss (ECF No. 11) because it does not have subject-matter jurisdiction to hear Plaintiff's claims. If adopted, Plaintiff's motion for judgment (ECF No. 19) should be **DENIED** for want of jurisdiction and the case should then be closed.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.

1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 27, 2025

s/PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge