UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT JAMES CORNETT,

        Plaintiff,                      Case No. 1:24-cv-12098

v.                                            Honorable Thomas L. Ludington
                                                United States District Judge

MICHIGAN SECRETARY OF STATE,

                                               Honorable Patricia T. Morris
       Defendant.               United States Magistrate Judge
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AS MOOT, AND DENYING PLAINTIFF'S MOTION TO REMOVE MAGISTRATE JUDGE AS MOOT**

In March 2024, Magistrate Judge Patricia T. Morris issued a report (R&R) recommending that this Court grant Defendant's Motion to Dismiss and dismiss Plaintiff Robert James Cornett's *pro se* Complaint for lack of subject matter jurisdiction. Currently before the Court are Plaintiff's objections to the R&R. As explained below, all objections will be overruled, the R&R will be adopted in full, Defendant's Motion to Dismiss will be granted, Plaintiff's Complaint will be dismissed, and Plaintiff's pending Motions for judgment on the pleadings and the removal of Judge Morris will be denied as moot.

I.

Article 9 of Michigan's Uniform Commercial Code—dedicated to secured transactions—allows the Michigan Department of State (the "Department") to reject financing information statements or other recording filings in any of the following five circumstances:

(a) The record is not required or authorized to be filed or recorded with the secretary of state;
(b) The record is being filed or recorded for a purpose outside the scope of this article;

    (c) The secretary of state has reasonable cause to believe the record is materially false or fraudulent;
    (d) The record asserts a claim against a current or former employee or officer of a federal, state, county, or other local governmental unit that relates to the performance of the officer's or employee's public duties, and for which the filer does not hold a properly executed security agreement or judgment from a court of competent jurisdiction; or
    (e) The record indicates that the debtor and the secured party are substantially the same or that an individual debtor is a transmitting utility.

MICH. COMP. LAWS § 440.9520(5).

Notably, if the Michigan Secretary of State (the "Secretary") rejects a filing under these provisions, the filing party "may commence an action under section 9501a to require the [S]ecretary[] to accept the filing or recording" and the Department officer who denied the filing cannot be personally liable for any purported "improper refusal or determination." *Id.* §§ 440.9520(7), (8); *see also id.* § 440.9501a.

On July 24, 2024, Plaintiff Robert James Cornett filed a UCC Financing Statement with the Department. ECF No. 11-2 at PageID.44. But the Department rejected the filing under § 440.9520(5)(e) because Plaintiff identified himself as the debtor, the secured party, and a transmitting utility. ECF No. 11-3 at PageID.47. Instead of initiating state proceedings under § 440.9501a, Plaintiff ran to federal court and filed a *pro se* Complaint alleging Secretary Jocelyn Benson, in her official—as opposed to individual—capacity, deprived him of his rights in violation of 42 U.S.C. § 1983. ECF No. 1. But Plaintiff's claims are unclear. Plaintiff used a template to draft his Complaint, and when prompted to state the "*federal* constitutional or statutory right[s]" that Defendant allegedly violated, Plaintiff listed (1) the Ninth Amendment and (2) Article I, Section 1 of the Michigan Constitution.[1] *Id.* at PageID.3 (emphasis added).

---

[1] Article I, Section I of the Michigan Constitution simply provides that "[a]ll political power is inherent in the people" and that "Government is instituted for their equal benefit, security and protection." MICH. CONST. art. 1, § 1.

On August 12, 2024, the undersigned referred all pretrial matters to Magistrate Judge Patricia T. Morris. ECF No. 4; FED. R. CIV. P. 72. In September 2024, Defendant filed a motion to dismiss, raising two arguments. ECF No. 11. First, Defendant argued this Court lacked jurisdiction over Plaintiff's claims because (1) Defendant is entitled to Eleventh Amendment sovereign immunity, and (2) Plaintiff did not properly plead any federal claim to invoke this Court's subject matter jurisdiction. *Id.* at PageID.34–36, 39, n. 3. Alternatively, Defendant argued Plaintiff failed to state a claim. *Id.* at PageID.37–39. The next month, Plaintiff filed a *pro se* Motion for Judgment on the Pleadings. ECF No. 19. Plaintiff's Motion read like a response to Defendant's Motion to Dismiss and primarily argued that Defendant was not immune under the Eleventh Amendment. *See id.* at PageID.102–03. But Plaintiff specifically requested this Court "grant judgment in [his] favor." *Id.* at PageID.104.

On March 27, 2025, Judge Morris issued a report (R&R) recommending this Court dismiss Plaintiff's Complaint for lack of jurisdiction. ECF No. 23. Judge Morris explained that this Court lacks subject matter jurisdiction over Plaintiff's Complaint because his claim "arises under a Michigan statute"—MICH. COMP. LAWS §§ 440.9520(5), 440.9501a—and "[h]is attempt to constitutionalize this claim by invoking the Ninth Amendment is devoid of merit." *Id.* at PageID.163.

Indeed, 42 U.S.C. § 1983 provides a civil remedy to those who have been deprived of their federal rights by someone acting under the color of law. But Judge Morris explained that the Ninth Amendment—providing that the rights enumerated in the Constitution do not "deny or disparage" any other rights—does not confer substantive rights to be deprived under § 1983. *Id.* (citing *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) and *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991)); *see also id.* at PageID.164 ("Put succinctly, Plaintiff

has not pled a Ninth Amendment claim because there is no such thing as a Ninth Amendment claim."). And Plaintiff cannot otherwise bootstrap an alleged deprivation of state law—either the Michigan Constitution or MICH. COMP. LAWS § 440.9520(5)—in a federal § 1983 action. *See Baker v. McCollan*, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the [federal] Constitution, not for violations of" state law.)

So without any viable federal question or diversity of Parties, Judge Morris recommended this Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. ECF No. 23 at PageID.162–64 (noting "no diversity jurisdiction is apparent" and "Plaintiff[] . . . does not raise a federal question."). Plaintiff—still proceeding *pro se*—objected to Judge Morris's R&R on March 31, 2025, ECF No. 24, but "amended and supplement[ed]" these objections two days later. ECF No. 25. Plaintiff thereafter filed a Motion to "Remove" Judge Morris because he "believe[s]" that she, like "all Judge[s]" is "biased/prejudiced to the outcome of this case." ECF No. 26.

## II.

Under Civil Rule 72(a), a party may object to and seek review of a dispositive R&R within fourteen days of service. *See* FED. R. CIV. P. 72(b)(2). But all objections must be specific. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). Any objection that fails to identify specific portions of the R&R will not be reviewed. *See Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review[.]"). And an "'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before," is improper and invalid. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Additionally,

parties cannot "raise at the district court stage new arguments or issues that were not presented" before the R&R was issued. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

If a party makes a timely, specific objection, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). When reviewing a report and recommendation *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, this Court may accept, reject, or modify the Magistrate Judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

But, if the court will adopt the R&R without modification, then it may simply "state that it engaged in a *de novo* review of the record and adopt[] the report and recommendation" without "stat[ing] with specificity what it reviewed." *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (first citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); and then citing 12 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), *aff'd*, 290 F. App'x 769 (6th Cir. 2008); *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012) ("[T]he district court's statement that it conducted *de novo* review is deemed sufficient").

### III.

Plaintiff asserts a total of fifteen "amended and supplemental" objections. *See* ECF No. 25. Some objections, respectfully, make no sense. For example, Plaintiff's fourth objection states:

> I claim choice of law as constitutional, both State and Federal, all rules are barred from abridging or modifying my substantive rights. I object to the practice of common law and or case law precedent used against my rights as the parties in other cases differ[.]

*Id.* His tenth objection confusingly claims:

> [T]he Court's assessment of jurisdictional issues . . . is believed to be practicing law from the bench, failure to evaluate the claim's merits is how this statement is even made, jurisdiction cannot exist without the claim's merits."

*Id.*

Many of the remaining objections are improper, nonspecific, and do not identify any alleged error in Judge Morris's legal reasoning or conclusions. For example, Plaintiff's first "objection" complains that he never received "page 11" of the R&R. *Id.* at PageID.175–77. Plaintiff's second and third "objections" suggest that he should be allowed to file nonspecific objections and that failing to raise certain objections should not result in waiver. *Id.* at PageID.178. Plaintiff's fifth "objection" argues that the Court should abstain from considering his objections until Defendant responds. *Id.* at PageID.179. And his sixth and seventh "objections" challenge "th[e] entire" R&R. *Id.* at PageID.179–80.

Of those remaining specific, proper objections, most address portions of the R&R that are wholly irrelevant to this conclusion that this Court lacks jurisdiction. For example, in Plaintiff's eleventh objection, he argues that he stated a claim under the Michigan UCC. *Id.* at PageID.181. But Judge Morris did not hold otherwise. *See generally* ECF No. 23. And Plaintiff's ninth objection merely protests Judge Morris using "pretense" and should not characterize his claims as "difficult to understand." ECF No. 25 at PageID.181. And, at bottom, the handful of objections specifically addressing Judge Morris's jurisdiction analysis lack merit. *See id.* at PageID.180–82.

This Court has thoroughly reviewed Plaintiff's Complaint, ECF No. 1; Defendant's Motion to Dismiss, ECF No. 11; Plaintiff's Response, ECF No. 13; Plaintiff's Motion to Amend and Supplement, ECF No. 17; Plaintiff's Motion for Judgment on the Pleadings, ECF No. 19; Defendant's Response, ECF No. 21; Plaintiff's Reply, ECF No. 22; Judge Morris's R&R, ECF No. 23, Plaintiff's Objections, ECF Nos. 24; 25, and Plaintiff's Motion to Remove, ECF No. 26.

Having conducted *de novo* review, this Court concludes that Judge Morris's factual conclusions and legal reasoning are correct. So the objections will be overruled, the R&R will be adopted, Defendant's motion to dismiss will be granted, Plaintiff's Complaint will be dismissed, and Plaintiff's motions for judgment on the pleadings and to remove Judge Morris will be denied as moot.

### IV.

Accordingly, it is **ORDERED** that Plaintiff's Objections to Magistrate Judge Morris's Report and Recommendation, ECF Nos. 24; 25, are **OVERRULED.**

Further, it is **ORDERED** that Magistrate Judge Morris's Report and Recommendation, ECF No. 23, is **ADOPTED**.

Further, it is **ORDERED** that Defendant's Motion to Dismiss, ECF No. 11, is **GRANTED.**

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED** for lack of jurisdiction**.**

Further, it is **ORDERED** that Plaintiff's Motion for Judgment on the Pleadings, ECF No. 19, is **DENIED AS MOOT.**

Further, it is **ORDERED** that Plaintiff's Motion to Remove, ECF No. 26, is **DENIED AS MOOT.**

**This is a final order and closes the above-captioned case.**

Dated: April 23, 2025                                       s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge